**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC OTERO, | : |
| Plaintiff, | : CIVIL ACTION NO. 06-3435 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| COUNTY OF MONMOUTH, et al., | : |
| Defendants. | : |

**COOPER, District Judge**

Plaintiff, Eric Otero, brought this action against, <u>inter alia</u>, defendant Monmouth County Probation Department ("Department"), alleging various state claims and claims under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  (Dkt. entry no. 29, Am. Compl., at 2, 16.)[1]  The Department moves to dismiss the complaint insofar as asserted against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6).  (Dkt. entry no. 15.)  For the reasons stated herein, the Court will grant the motion.

---

[1]  The defendant at issue refers to itself as "the Superior Court of New Jersey, Monmouth Vicinage, Probation Division" in its notice of motion to dismiss.  (Dkt. entry no. 15.)  The Court notes the distinction but will refer to this defendant by the name designated in the complaint, Monmouth County Probation Department, or "Department."

**BACKGROUND**

Otero was placed on probation through the Department in 1998 as a result of the disposition of his charge for possession of a controlled dangerous substance. (Am. Compl., at 5.) Otero completed his probation requirements and was released from probation.[2] (Id.) However, in early August of 2004, a warrant was issued for Otero's arrest on the basis that he owed supervision fees relating to probation. (Id.) Otero was arrested on August 13, 2004 and was detained at the Monmouth County Correctional Institution ("facility") for approximately twenty five days. (Id. at 5-6.) While at the facility Otero was twice admitted to the hospital for dialysis, and following his second visit he was released to his home. (Id. at 6.) The charges against Otero were administratively dismissed without requiring Otero to make any further payment or court appearance. (Id.)

Otero brought an action in this Court on July 26, 2006, alleging, inter alia, "civil rights violations, unlawful detention without probable cause, personal injuries, emotional distress, damage to reputation, and other damages." (Id.) The Department moves to dismiss the claims against it, and Otero opposes the motion. (Dkt. entry nos. 15 & 19.)

---

[2] Otero does not indicate in the amended complaint or his brief the date he fulfilled his probation requirements.

**DISCUSSION**

The Department argues (1) it is entitled to Eleventh Amendment immunity, (2) it is not subject to liability under 42 U.S.C. § 1983 because it is not a "person" within the meaning of the statute, (3) in the absence of any intentional discrimination, Otero's allegations of negligence do not give rise to an actionable Section 1983 claim, (4) it is entitled to quasi-judicial immunity, (5) the probation division and its employees are immune under the New Jersey Tort Claims Act ("NJTCA"), and (6) Otero failed to comply with the notice provisions of the NJTCA.  (Dkt. entry no. 15, Def. Br., at i.) Otero argues the Department is not entitled to any immunities and that the rest of its arguments are without merit.  (Dkt. entry no. 19, Pl. Br.)

**I.   Standard Of Review For A 12(b)(6) Motion**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  On a motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (citation omitted).

"Dismissal of claims under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim upon which relief may be granted." Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426. However, if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56. Fed.R.Civ.P. 12(b). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004).[3]

---

[3] "The rationale underlying this exception is that the primary problem raised by considering documents outside the complaint — lack of notice to the plaintiff — is dissipated where the plaintiff has actual notice and has relied upon the documents in framing the complaint." Jones v. Intelli-Check, Inc., 274 F.Supp.2d 615, 625-26 (D.N.J. 2003) (citations omitted).

4

**II. Otero's Claims under 42 U.S.C. § 1983**

The Department argues that Otero fails to state a claim under Section 1983 because the Department is not a "person" within the meaning of the statute, and that Otero's claims against the Department also fail because the Department is entitled to Eleventh Amendment immunity. The Court notes that although "the distinction between the Eleventh Amendment and 42 U.S.C. § 1983 defenses the [Department has] raised should be kept clear . . . in some cases they will overlap." Callahan v. City of Phila., 207 F.3d 668, 670 (3d. Cir. 2000). The Court will therefore address the legal standards for each defense separately, but analyze their application to the Department together.

**A. "Person" within the meaning of Section 1983**

To properly assert a Section 1983 claim, the plaintiff must allege (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a "person" acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although a plaintiff must allege that his or her rights were violated by a "person" acting under color of state law, "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

If a subdivision of the state acts as an alter ego or an "arm" of the state, the subdivision of the state is not a "person" under Section 1983. <u>Fitchik v. N.J. Transit Rail Operations</u>, 873 F.2d 655, 658-59 (3d Cir. 1989). "[N]either states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes . . . are persons within the meaning of § 1983." <u>Green v. Essex County Superior Court Clerk</u>, No. 02-1872, 2006 WL 932055, at *3 (D.N.J. 2006). Thus, it is "appropriate to make our section 1983 analysis by considering the three factors [] set forth in [<u>Fitchik</u>], in determining whether the defendant there had an Eleventh Amendment defense, even though <u>Fitchik</u> was not a section 1983 action." <u>Callahan</u>, 207 F.3d at 670. The three <u>Fitchik</u> factors are: "(1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy." <u>Chisolm v. McManimon</u>, 275 F.3d 315, 323 (3d Cir. 2001); <u>see also</u> <u>Fitchik</u>, 873 F.2d at 659.

    **B.   Eleventh Amendment Immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The

Eleventh Amendment bars suits against any state or its agencies in federal court by that state's own citizens as well as by citizens of other states. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Absent a clear waiver by a state of its sovereign immunity under the Eleventh Amendment or a Congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by an individual against a state. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984). The Eleventh Amendment precludes both legal and equitable relief, as well as all claims under Section 1983. Id. at 100-01.

A suit is barred by Eleventh Amendment immunity "even though the state is not named a party to the action, as long as the state is the real party[-]in[-]interest." Carter v. City of Phila., 181 F.3d 339, 347 (3d Cir. 1999) (quotations and emphasis omitted). See also Chisolm, 275 F.3d at 322-23 ("Eleventh Amendment immunity may be available to a state party-in-interest notwithstanding a claimant's failure to formally name the state as a defendant."). A state is a party-in-interest in proceedings where "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Fitchik, 873 F.2d at 659 (citing Pennhurst, 465 U.S. at 101 n.11) (quotations omitted).

The state is the real party-in-interest if the named defendant is in fact an "arm of the state." See Chisolm, 275 F.3d at 323; Carter, 181 F.3d at 347. Eleventh Amendment immunity, therefore, extends to entities that function as an "arm of the state." Chisolm, 275 F.3d at 322-23. The Court, in considering whether each of the moving defendants is an "arm of the state," applies the aforementioned three Fitchik factors. Chisolm, 275 F.3d at 323; see also Fitchik, 873 F.2d at 659. "[T]he three Fitchik factors are not weighed evenly and . . . the most important question in determining Eleventh Amendment immunity is whether any judgment would be paid from the state treasury." Carter, 181 F.3d at 348 (quotations omitted). This factor is critical and generally dispositive. Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 49 (1994); see Callahan, 207 F.3d at 670 (noting "the Eleventh Amendment's central goal is to prevent entry of federal court judgments that must be paid from the state treasury").

"The Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are therefore entitled to Eleventh Amendment immunity." Beckett v. Vega, No. 05-3443, 2006 WL 1320043, at *2 (D.N.J. 2006). See Johnson v. State of New Jersey, 869 F.Supp. 289, 296-97 (D.N.J. 1994) (holding the "New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity").

"Probation officers are part of the judicial branch of government" and are considered "an arm of the court." In Re P.L., 895 A.2d 1128, 1130-31 (N.J. 2006). See N.J.S.A. § 2A:168-5 (Assignment Judge of the Superior Court in each county appoints chief probation officer and on application of chief, additional probation officers); N.J.S.A. § 2A:168-7 (Chief probation officer's supervisory and regulatory responsibilities are under the direction and authorization of the Superior Court). "[T]he few courts that have examined agencies related to the state judiciary have consistently found these agencies are immune from suit under the Eleventh Amendment." Johnson, 869 F.Supp. at 297 (holding that Administrative Office of the Court is a state agency entitled to Eleventh Amendment immunity); see Callahan, 207 F.3d at 674 (noting "the district courts repeatedly have held that all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes").

**C.   Analysis**

Applying the three Fitchik factors here, the Department is an "arm of the state" and therefore is not a "person" for purposes of Section 1983, and is entitled to Eleventh Amendment immunity. Accordingly, the Court will grant the motion insofar as it seeks to dismiss Otero's federal claims against the Department.

The second and third <u>Fitchik</u> factors, "the status of the entity under state law" and "the entity's degree of autonomy," warrant dismissal of Otero's claims insofar as they are asserted against the Department.  Otero's arguments that the Department "fails to establish itself as a State entity" and "does not cite any such cases for the proposition that the Monmouth County Probation Department is not a person" for purposes of Section 1983 are without merit.  (Pl. Br., at 5.)  The aforementioned statutory provisions and case law establish that the Department is part of the New Jersey Judiciary and therefore is a state entity, not a county entity, and not operating autonomously from the state.

The Court's conclusion that the second and third <u>Fitchik</u> factors also favor Eleventh Amendment immunity for the Department is supported by other district court decisions holding that agencies related to the state judiciary, including a county probation department, are immune from suit under the Eleventh Amendment. <u>Gencarelli v. Superior Court of New Jersey</u>, No. 04-3332, 2005 WL 1490590, at *3 (D.N.J. 2005) (holding "any claim in federal court against the Bergen County Probation Department is barred by the Eleventh Amendment").  The Department, like the Administrative Office of the Court, is a state agency entitled to Eleventh Amendment immunity.  <u>See</u> <u>Johnson</u>, 869 F.Supp. at 297.

The Court does not find it necessary to more closely examine the third Fitchik factor, the funding of the Department, in determining it is not a "person" under Section 1983 because "consideration of the source of funding of the courts is of limited utility in determining whether the judicial defendants are persons under section 1983." Callahan, 207 F.3d at 671-72 (noting the first Fitchik factor "is less significant in a section 1983 'person' analysis than in an Eleventh Amendment jurisdictional analysis"). Although the third Fitchik factor is more relevant to the Court's analysis of the Department's entitlement to immunity under the Eleventh Amendment, it is not dispositive to that determination either. See Benn v. 1st Jud. Dist. of Pa., 426 F.3d 233, 240 (3d. Cir. 2005) (holding Fitchik factors strongly favored Eleventh Amendment immunity for defendant state agencies even though they are funded locally and by the state). Thus, the Court concludes that the balance of the Fitchik factors supports a finding that the Department is not a "person" under Section 1983 and is entitled to Eleventh Amendment immunity.

**III. Otero's State Claims**

The complaint includes the following state claims against the Department: (1) negligence, false arrest, and false imprisonment (Count Three), (2) negligent infliction of emotional distress (Count Twelve), and (3) intentional infliction of

11

emotional distress (Count Thirteen).[4]  (See Am. Compl.)  The Department argues that Otero's state law claims should be dismissed for failure to comply with the notice provisions of the NJTCA.  (Def. Br., at 29.)  Otero argues that he substantially complied with the notice provisions of the NJTCA.  (Pl. Br., at 6-8.)[5]

The NJTCA states that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this Chapter." N.J.S.A. § 59:8-3.  The NJTCA requires a claimant to file a Notice of Claim to allow the public entity to investigate the merits of the claim.  Id. at § 59:8-4.  This notice must be

---

[4]  Count Ten of the complaint is entitled "Civil Rights – Negligent Hiring, Training, Supervision" and appears to state a Monell claim against the County of Monmouth, the Monmouth County Sheriff's Department, The Monmouth County Correctional Institution, and the Department.  As the Department points out in its brief, insofar as Otero attempts to state a Monell claim for violation of his civil rights, such a claim has no application to the Department because it is a state entity. (See Def. Br., at 12 n.6.)

[5]  It does not appear that, and the parties do not address whether, the state law claims are barred by sovereign immunity. Arnold v. New Jersey, No. 03-3997, 2007 WL 1381757, at *3-6 (D.N.J. May 7, 2007) (addressing state law claims in view of NJTCA, and federal law claims in view of sovereign immunity); Clark v. Hickey, No. 06-2778, 2007 WL 837091, at *1 (D.N.J. Mar. 16, 2007) (same); Dorsett v. N.J. State Police, No. 04-5652, 2007 WL 556890, at *2-4 (D.N.J. Feb. 15, 2007) (same); Trader v. N.J. State Police, No. 05-4065, 2006 WL 2524172, at *2-4 (D.N.J. Aug. 29, 2006) (same).

signed and filed with the public entity within 90 days of the accrual of the cause of action. Id. at § 59:8-8. The claimant bears the burden of proving that the claim was filed with the appropriate public entity. Rolax v. Whitman, 175 F.Supp.2d 720, 730 (D.N.J. 2001).

The alleged tortious acts in this case all occurred on or around August of 2004. (Am. Compl., at 5.) Because the Department is an agency of the State of New Jersey, Otero was required to file a Notice of Claim with the Attorney General or the Department within 90 days of the wrongful conduct:

> A claim for damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission. A claim for injury or damages arising under this act against a local public entity shall be filed with that entity.

N.J.S.A. § 59:8-7. The Notice of Claim provided by Otero was filed within ninety days, but is only addressed to the Insurance Office for the County of Monmouth ("County"). (Dkt. entry no. 19, Ex. A.) Nowhere in the Notice of Claim or the letter to the County is the Department identified. (Id.) Otero asserts that he "has complied, and, at a minimum, substantially complied with the notice requirements of the Tort Act." (Pl. Br., at 8.) Otero does not argue, and the record does not reflect, that the Department had due notice of his claim and the circumstances

13

surrounding it despite the lack of notice under the NJTCA.  Cf. Small v. Dep't of Corr., 579 A.2d 1263, 1265-66 (N.J. App. Div. 1990) (holding that department of corrections was given timely and ample notice of claim even though formal notice under NJTCA not given, where plaintiff's counsel wrote to the prison two days after incident).

The Court finds that Otero has not met the burden of proving that the notice of claim was filed with the appropriate public entity.  The County is a distinct entity from the Department, and according to the statutory language a claim should have been filed with the Department, or the Attorney General, in order to give the state the requisite notice under the NJTCA.  See Forcella v. City of Ocean City, 70 F.Supp.2d 512, 519 (D.N.J. 1999) (holding service of notice of claim upon city and its department of public safety did not constitute valid service of police department and denying plaintff's motion to file a late notice of claim).  Accordingly, the state claims alleged in the amended complaint insofar as they are against the Department are barred by the NJTCA.[6]

---

[6] The Department also argues Otero's state law claims against it should be dismissed because it is entitled to immunity under the NJTCA for (1) administrative actions or inactions of a legislative or judicial nature pursuant to N.J.S.A. § 59:2-3(b) and (2) injuries caused by mistake, inadvertent error, or misrepresentation pursuant to N.J.S.A. § 59:3-10.  (Def. Br., at 24, 26.)  The Court will not address these arguments because the Court's disposition of the notice issue under the NJTCA renders Otero's immunity claims as to the NJTCA moot.

**CONCLUSION**

Otero cannot maintain Section 1983 claims against the Department because the Department is not a "person" under the statute and is entitled to Eleventh Amendment immunity.  To the extent that Otero has asserted state claims, they are barred against the Department because Otero has failed to comply with the notice requirements of the NJTCA.  Accordingly, the Court grants the Department's motion to dismiss.  The Court will issue an appropriate order and judgment.

                                                          s/ Mary L. Cooper
                                                        **MARY L. COOPER**
                                                        United States District Judge