```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ERIC OTERO,  :  | |
| : | CIVIL ACTION NO. 06-3435 (MLC) |
|     Plaintiff,  : | |
| : | **MEMORANDUM OPINION** |
|     v.  : | |
| : | |
| COUNTY OF MONMOUTH, et al.,  : | |
| : | |
|     Defendants.  : | |

**THIS MATTER** coming before the Court on motion by defendants Township of Lacey, Lacey Township Police Department, and Officer Dimitrios Tsarnas (collectively "defendants"), for summary judgment pursuant to Federal Rule of Civil Procedure 56 (dkt. entry no. 43); and the Court and parties being familiar with the background of the action (see dkt. entry no. 41, 6-5-07 Mem. Op.); and the Court having considered the papers submitted in support of, and in opposition to, the motion; and

**THE DEFENDANTS** asserting that (1) Lacey Township Police Department is not subject to suit under 42 U.S.C. § 1983, (2) there is no basis for respondeat superior liability, punitive damages, or any other claims against defendant Township of Lacey, (3) the police officers did not seize plaintiff and are protected by qualified immunity, and (4) they must be granted summary judgment on all common law claims and cross-claims because no timely notice of claim was filed (Defs. Br., at i); and

**THE PLAINTIFF** in response asserting that he "does not object to the dismissal of the counts" (1) "against the Lacey Township Police Department as [he] concedes that that entity is not one subject to 42 U.S.C. [§] 1983 liability" and (2) concerning state common law claims against the defendants because no tort claim notice was provided (dkt. entry no. 44); but plaintiff opposing the motion as "premature" insofar as it seeks summary judgment on the "civil rights claims against the Township of Lacey and Officer Dimitrios Tsarnas" because (1) depositions in the matter have not yet occurred, (2) it is "unknown who physically handled the Plaintiff in this matter", and (3) claims regarding, inter alia, negligent hiring and supervision against the Township of Lacey have not been fully developed through discovery yet (id.); and

**THE COURT** concluding that it would benefit from further development of the factual record prior to deciding a motion for summary judgment insofar as it relates to the federal claims asserted against defendants Township of Lacey and Officer Dimitrios Tsarnas, see In re Unisys Sav. Plan Litig., 74 F.3d 420, 440 (3d Cir. 1996) (stating that when record was undeveloped on crucial factual issues, defendant's request for summary judgment was premature), Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 835 (3d Cir. 1992) (reversing grant of summary judgment when discovery was incomplete and information was necessary to

2

resolve parties' contentions); and the Court thus concluding that plaintiff should be given an opportunity to conduct further discovery of the material facts before the Court can consider a request for summary judgment against him; and the Court docket indicating that discovery is not complete (dkt. entry no. 45, 6-26-07 Pl. Letter to Mag. Judge (stating "depositions have been postponed due to [the] unavailability [of one defendant's counsel]")); and thus it appearing that this part of the instant motion was filed prematurely; and the Court deciding the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78; and for good cause appearing; the Court will enter an appropriate order and judgment.

                                                    s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge